# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARIAN ALSABER, | CIVIL ACTION |
|     Plaintiff, | |
| v. | COMPLAINT 1:17-cv-04499 |
| COMENITY CAPITAL BANK, | |
|     Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MARIAN ALSABER, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, COMENITY CAPITAL BANK, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

PARTIES

5.      MARIAN ALSABER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 17618 71st Court, Unit 2S, Tinley Park, Illinois 60477.

6.      COMENITY CAPITAL BANK ("Defendant") is the issuer of the American Laser Skincare Credit Account. Defendant has a principal place of business located at 3100 Easton Square Place, Columbus, Ohio 43219.

FACTUAL ALLEGATIONS

7.      On or about October 1, 2013, Defendant issued Plaintiff an American Laser Skincare Credit Account.

8.      On December 4, 2014, weeks after closing the doors of its clinics, a bankruptcy case concerning American Laser Skincare was filed under Chapter 7 of the Bankruptcy Code.

9.      As a result, like many consumers nationwide, Plaintiff was being asked to pay for treatment(s) she did not receive.

10.     On February 2, 2017 at 04:41:54 PM, Plaintiff sent Defendant (*via facsimile*) a written communication demanding Defendant cease contacting her.

11.     Notwithstanding, Defendant has caused to be placed no less than 60 calls and text messages to Plaintiff's cellular telephone from February 3, 2016 to present-day, including, but not limited to:

- On February 8, 2017 at 01:00:00 PM, Defendant caused to be sent a text message, which provided: "Marian, call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 OPT OUT? Reply STOP TEXTS / NO CALLS / STOP ALL or HELP."

- On February 10, 2017 at 05:00:00 PM, Defendant caused to be sent a text message, which provided: "Marian, call Comenity Capital RE:

2

AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 OPT OUT? Reply STOP TEXTS / NO CALLS / STOP ALL or HELP."

- On February 15, 2017 at 07:53:00 PM, Defendant caused to be sent a text message, which provided: "Marian, call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 OPT OUT? Reply STOP TEXTS / NO CALLS / STOP ALL or HELP."

- On February 17, 2017 at 01:30:00 PM, Defendant caused to be sent a text message, which provided: "Marian, call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 OPT OUT? Reply STOP TEXTS / NO CALLS / STOP ALL or HELP."

- On March 8, 2017 at 02:01:00 PM, Defendant caused to be sent a text message, which provided: "Marian, call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 OPT OUT? Reply STOP TEXTS / NO CALLS / STOP ALL or HELP."

- On March 16, 2017 at 07:30:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP. For help reply HELP."

- On March 22, 2017 at 03:15:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP. For help reply HELP."

- On March 29, 2017 at 02:30:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP. For help reply HELP."

- On April 6, 2017 at 06:16:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP. For help reply HELP."

- On April 13, 2017 at 01:15:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE: AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP. For help reply HELP."

- On May 10, 2017 at 03:15:00 PM, Defendant caused to be sent a text message, which provided: "Forget Us? Call Comenity Capital RE:

AMERICAN LASER SKINCARE @ 877-563-4477 or bit.ly/27rzZw5 To stop Texts, reply STOP.  For help reply HELP."

12.     More than once, Plaintiff answered and observed a brief pause at the outset of the call before being connected to a live agent.

13.     All calls placed to Plaintiff's cellular telephone utilized an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).[1]

14.     Plaintiff believes that all calls placed to Plaintiff's cellular telephone utilized a predictive dialer.[2] [3]

15.     Plaintiff believes that the predictive dialer utilized dials a list of telephone numbers and connects answered dials to agents – based upon the brief pause at the outset of the call.

16.     All calls placed to Plaintiff's cellular telephone were not made for emergency purposes or placed with prior express consent of Plaintiff.

17.     Plaintiff is informed and believes that Defendant obtained Plaintiff's cellular telephone number of XXX-XXX-9366 from Plaintiff's credit application.

18.     At all times relevant, Plaintiff was the sole operator, possessor and subscriber of the cellular telephone number of XXX-XXX-9366.

---

[1] An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number.

[2] "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[3] "When evaluating the issue whether equipment is an automatic telephone dialing system, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

19.     At all times relevant, Plaintiff was personally financially responsible for the cellular telephone equipment and services.

#### DAMAGES

20.     Defendant's acts and omissions have resulted in severe injury to Plaintiff.  Specifically, Defendant's acts and omissions have resulted in:

    a.      Diminished battery capacity;

    b.      Diminished data space;

    c.      Emotional distress (aggravation, frustration);

    d.      Inconvenience;

    e.      Increased usage of cellular services; and

    f.      Increased usage of electricity.

### COUNT I - VIOLATION(S) OF THE
### TELEPHONE CONSUMER PROTECTION ACT

21.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22.     The foregoing acts and omissions of Defendant constitutes multiple and numerous violations of the Telephone Consumer Protection Act.

23.     As provided above, Defendant's unfair acts and omissions resulted in severe injury to Plaintiff.

24.     As a result of Defendant's violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to $500.00 in statutory damages, for each and every violation.

25.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. 227(b)(1), Plaintiff is entitled to $1,500.00 in treble damages, for each and every violation.

WHEREFORE, Plaintiff requests the following relief:

a.     find that Defendant violated 47 U.S.C. § 227(b)(1);

b.     award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and,

c.     grant any other relief deemed appropriate and equitable.

### COUNT II - VIOLATION(S) OF THE
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

26.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27.    Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

28.    Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

29.    Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

30.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Defendant to cause to be placed no less than 60 calls and text messages to Plaintiff notwithstanding Plaintiff's revocation of consent to be contacted by Defendant.

31.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Defendant to cause to be placed no less than 60 calls and text messages to Plaintiff seeking payment for services Plaintiff did not receive.

32.    Defendant's unfair actions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers.

33.    As provided above, Defendant's unfair acts and omissions resulted in severe injury to Plaintiff.

34.     An award of punitive damages is appropriate as Defendant's unfair acts and omissions were outrageous, wanton and willful.

35.     An award of punitive damages is appropriate as Defendant showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally.

        WHEREFORE, Plaintiff requests the following relief:

        a.      find that Defendant's unfair acts and omissions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

        b.      award actual, and punitive damages, and costs of this action including expenses together with attorney's fees as determined by this Court; and

        c.      grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

June 14, 2017                                           Respectfully submitted,

                                                       */s/ Joseph Scott Davidson*

                                                       Joseph Scott Davidson
                                                       Mohammed Omar Badwan
                                                       SULAIMAN LAW GROUP, LTD.
                                                       900 Jorie Boulevard
                                                       Suite 150
                                                       Oak Brook, Illinois 60523
                                                       +1 630-575-8181
                                                       jdavidson@sulaimanlaw.com
                                                       mbadwan@sulaimanlaw.com

                                                       *Counsel for Marian Alsaber*

7